O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6582 AHM (PJWx) | Date | November 17, 2009 |
|---|---|---|---|
| Title | WRITERS GUILD OF AMERICA, WEST, INC. v. CARLSON ENTERTAINMENT GROUP, LLC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

On September 9, 2009, Petitioner Writers Guild of America, West, Inc. ("WGAW") filed its Notice of Motion and Motion for Order Confirming the Arbitrator's Findings and Conclusions and Final Award and for Entry of Judgment in Conformity Therewith against Respondents Carlson Entertainment Group, LLC d/b/a Carlson Entertainment Group ("CEG") and Bruce Carlson.  On September 25, 2009, WGAW filed a proof of service that Respondents had been served with the motion.  Respondents have not opposed the motion.  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12.  Moreover, on its face the motion appears to be meritorious. Accordingly, the Court GRANTS the motion.[1]

Pursuant to their agreement under the 2004 WGA Theatrical and Television Basic Agreement, Ex. A, Petitioner and Respondents participated in an arbitration before Joel Grossman regarding a compensation dispute.  Arbitrator Grossman entered an award against Respondents on April 7, 2008.  Ex. B.  Petitioner demanded payment and satisfaction of the Arbitration Award from Respondents in a letter dated September 11, 2008.  Ex. C.  Respondents have not yet satisfied the award.  Coleman Decl. ¶ 9.

When a Court is asked to enforce an award issued in accordance with a collective bargaining agreement, like the agreement here, it should not review the substantive merits of the award, but should instead defer to the Arbitrator's legal and factual determinations.

---

[1]Docket Nos. 1 and 2.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6582 AHM (PJWx) | | Date | November 17, 2009 |
|---|---|---|---|---|
| Title | WRITERS GUILD OF AMERICA, WEST, INC. v. CARLSON ENTERTAINMENT GROUP, LLC, *et al.* | | | |

*United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960); *American Postal Workers Union AFL-CIO v. U.S. Postal Service*, 682 F.2d 1280, 1284 (9th Cir. 1982).  The Court will defer to the determinations of the Arbitrator here and will confirm the Arbitrator's findings, conclusions, and final award.

Petitioner also asks the Court to grant attorney's fees in the amount of $1,500.00 and costs in the amount of $350.00.  Attorneys' fees may be recovered in an action brought under the Labor Management Relations Act § 301, 29 U.S.C. § 185, where a party refuses to abide by an arbitration award without justification.  *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983).  Here, Respondents have offered no justification for their failure to satisfy the Arbitration Award.  Accordingly, the Court grants attorneys' fees and costs to Petitioner.

Petitioner also asks the Court to grant judgment in favor of Petitioner, but it has not lodged a proposed judgment for the Court to sign.  Petitioner is ORDERED to lodge a proposed judgment conforming with the rulings in this Order by November 24, 2009.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |